**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| STATE OF DELAWARE | ) | |
| | ) | |
| v. | ) | ID No. 1703001172 |
| | ) | Cr. A. Nos. IN17-03-0408, etc. |
| KASHIEM THOMAS, | ) | |
| Defendant. | ) | |

Submitted: June 8, 2026[1]
Decided: July 22, 2026

*Upon Defendant Kasheim Thomas's*
*Motions for Correction of Sentence and Appointment of Counsel,*
**DENIED**.

## ORDER

This 22nd day of July, 2026, upon consideration of the Defendant Kashiem Thomas's Motion to Correct an Illegal Sentence (D.I. 183) and accompanying request for appointment of Rule 35(a) counsel (D.I. 184), and the record in this matter, it appears to the Court that:

(1) On March 2, 2017, Mr. Thomas was arrested and charged with first-degree murder and related weapons counts.[2] Following a six-day jury trial, Mr. Thomas was convicted of first-degree murder and possession of a

---

[1] Per this Court's order staying this motion until disposition of Mr. Thomas's then-pending appeal (Del. Supr. No. 530, 2024), he was to file a status report and any supplement to his motion no more than 30 days after issuance of the Supreme Court's mandate. D.I. 186. The mandate issued on May 8, 2026 (D.I. 187), and Mr. Thomas has since filed nothing. The Court, therefore, considers his motion fully submitted for decision as of June 8, 2026.

[2] D.I. 1; D.I. 5 (Indictment).

firearm during the commission of a felony (PFDCF).[3]

(2)    After post-trial motion practice had concluded, Mr. Thomas was sentenced as follows:  for Murder First Degree (IN17-03-0408)—a natural life term of imprisonment; for PFDCF (IN17-03-0409)—15 years at Level V.[4] So, both each individual segment and the cumulation of Mr. Thomas's sentence is well within the baseline minimum and maximum incarcerative terms the relevant statutes required.[5]

(3)    Mr. Thomas filed a direct appeal to the Delaware Supreme Court where he argued that the State had presented insufficient evidence to convict him.[6]  His convictions and sentence were affirmed.[7]

(4)    He then filed an unsuccessful Rule 61 petition for postconviction relief.[8]  And the Delaware Supreme Court has recently affirmed this Court's

---

[3]    D.I. 62 (Verdict Form); D.I. 63.  The State entered a *nolle prosequi* as to a third indicted offense—possession of a firearm by a person prohibited (IN17-03-1728)—which had been severed by agreement for trial by the Court without a jury. *See* D.I. 53.

[4]    D.I. 89 (Modified Sentencing Order).

[5]    *See* DEL. CODE ANN. tit. 11, § 636 and 4209(a) (2016) ("Punishment for first-degree murder. — Any person who is convicted of first-degree murder for an offense that was committed after the person had reached the person's eighteenth birthday shall be punished by . . . imprisonment for the remainder of the person's natural life without benefit of probation or parole or any other reduction . . ."; *id.* at §§ 1447A(c) and 4205(b)(2) (PFDCF is a class B felony carrying a "minimum sentence of 3 years" and a ceiling of "up to 25 years to be served at Level V").

[6]    *See Thomas v. State*, 2020 WL 1061692, at *1-2 (Del. Mar. 4, 2020) (affirmance on direct appeal).

[7]    *Id.* at *3.

[8]    *State v. Thomas*, 2024 WL 5117117 (Del. Super. Ct. Dec. 16, 2024) (denying

denial of that application.[9]

(5) While his latest appeal was pending, Mr. Thomas filed the present application citing this Court's Criminal Rule 35(a) and seeking "Correction of Illegal Sentence."[10]

(6) Criminal Rule 35(a) permits this Court to correct an illegal sentence "at any time."[11] Relief under Rule 35(a) is available when, *inter alia*, the sentence imposed: exceeds the statutorily-authorized limits; omits a term required to be imposed by statute; is uncertain as to its substance; or, is a sentence that the judgment of conviction did not authorize.[12]

(7) Mr. Thomas unites with the many other sentenced inmates claiming his sentence is illegal and he is due resentencing under the United States Supreme Court decision in *Erlinger v. United States*.[13] But as is the

---

Mr. Thomas's postconviction petition).

[9] *Thomas v. State*, 2026 WL 1076538 (Del. Apr. 21, 2026) (affirmance of denial of postconviction relief); D.I. 187.

[10] D.I. 183.

[11] Super. Ct. Crim. R. 35(a) ("*Correction of sentence.* -- The court may correct an illegal sentence at any time . . .").

[12] *Brittingham v. State*, 705 A.2d 577, 578 (Del. 1998).

[13] *See State v. Deputy*, __ A.3d __, __, 2026 WL 1883839, at *1 (Del. Super. Ct. June 29, 2026) (observing that "scores of incarcerated Delaware defendants who had previously been convicted and sentenced under statutes incorporating recidivist enhancements began incanting *Erlinger* [*v. United States* 602 U.S. 821 (2024)] as a basis for relief from their convictions or sentences"); *see also State v. Morrison*, 2025 WL 1431931, at *2 (Del. Super. Ct. May 19, 2025) (citing *State v. Archy*, 2025 WL 1330215, at *2 (Del. Super. Ct. May 7, 2025) which made note of the "blizzard of *pro se* pleadings from inmates seeking relief" through resort to *Erlinger*).

case with many of those others, *Erlinger* is of no assistance to him because neither of his two sentences was—via some statutory mechanism—enhanced in any way on either the minimum end or at the maximum end.[14] More simply put, *Erlinger* does not apply in this case because there was no enhancement of either Mr. Thomas's first-degree murder or his PFDCF sentence based on prior conviction history.[15]

(8)     There just is no demonstrable illegality in the substance of Mr. Thomas's sentence.  Thus, he is due no relief under this Court's Criminal Rule 35(a); his motion thereunder is therefore **DENIED**.  And because he is manifestly ineligible for Rule 35(a) relief, the Court need not appoint Mr. Thomas counsel to engage some vain  effort to pursue it.[16]

**SO ORDERED,**

/s/ *Paul R. Wallace*

Paul R. Wallace, Judge

cc:  Mr. Kashiem Thomas, *pro se*
    Carolyn S. Hake, Deputy Attorney General

---

[14]   *See Deputy*, 2026 WL 1883839, at *1 n.7 (noting that "as oft happens in like circumstances, there have been a raft of filings spouting *Erlinger* where *Erlinger* is wholly inapplicable because there had been no increase in the statutorily-prescribed range of penalties in the inmates' cases") (listing cases);

[15]   *See Phillips v. State*, 2025 WL 1693652, at *2 (Del. June 16, 2025) (explaining that that *Erlinger* did not apply to a similar life-plus sentence imposed for first-degree murder and related charges because the inmate's sentence was not subject to enhancement in any way based on his prior criminal conduct)*; Johnson v. State*, 2025 WL 2452107, at *2 (Del. Aug. 25, 2025).

[16]   *See Morrison*, 2025 WL 1431931, at *2 n.17 (collecting cases).